UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

---

MARK DAVIS, MARK GERALDS, JESSE GUARDADO, JOSEPH JORDAN, JOHN TROY, STEVEN STEIN, JASON STEPHENS, and GARY WHITTON, on behalf of themselves and all others similarly situated,

          Plaintiffs,

v.

JULIE JONES, KEVIN JORDAN, and BARRY REDDISH, in their official capacities as employees of the Florida Department of Corrections,

          Defendants.

Civil Action No.: 3:17-cv-820-J-34PDB

**AMENDED MOTION FOR CLASS CERTIFICATION**

---

## AMENDED MOTION FOR CLASS CERTIFICATION

Pursuant to Federal Rules of Civil Procedure Rule 23(c)(1) and Local Rule 4.04(b), Mark Davis, Mark Geralds, Jesse Guardado, Joseph Jordan, Robert Rimmer, Steven Stein, Jason Stephens, and Gary Whitton (collectively, "Plaintiffs") respectfully move to have this action maintained as a class action. In support of this motion, Plaintiffs rely on the attached memorandum, and say as follows:

1. Plaintiffs sue on behalf of and propose to represent a class comprised as follows:

   All persons in the State of Florida who have been sentenced to death, are in the custody of the Florida Department of Corrections ("FDOC"), and are being held at Union Correctional Institution ("UCI") or Florida State Prison ("FSP").

2. Plaintiffs satisfy the Rule 23(a) prerequisites to maintaining a class action:

   a. The members of the class are so numerous that joinder of all members—currently, 347 individuals—is impractical.

1

b. There are questions of law or fact common to the class, including:

- whether Plaintiffs and class members are each subject to a policy of automatic, indefinite solitary confinement;

- whether conditions of indefinite solitary confinement cause serious psychological and physical harm;

- whether Defendants' placement of class members in indefinite solitary confinement violates the Eighth Amendment's prohibition on cruel and unusual punishment;

- whether Defendants' placement of class members in indefinite solitary confinement violates the Due Process Clause of the Fourteenth Amendment;

- whether Defendants have been deliberately indifferent to the serious risk of mental and physical suffering of class members; and

- whether the conditions of confinement for death row inmates at UCI and FSP constitute an atypical and significant hardship compared to the ordinary incidents of prison life.

c. Plaintiffs' claims are typical of all class members' claims because Plaintiffs' and class members' claims arise from the same uniform, exception-less policy—FDOC's policy of indefinite solitary confinement for death row inmates—and Plaintiffs' claims are based on the same legal theory as the claims of the class members: violations of the Eighth Amendment and the Fourteenth Amendment's Due Process Clause.

d. Plaintiffs will fairly and adequately represent and protect the interests of the class. Plaintiffs have no interests that are adverse to those of the class members because

they are all subject to the same policy of indefinite solitary confinement and its harsh conditions, and Plaintiffs do not seek relief for themselves or others that is likely to give rise to conflicts. Plaintiffs have retained competent counsel experienced in class action litigation and intend to prosecute this action vigorously.

3. The class satisfies the requirement of Rule 23(b)(2) as Defendants have acted or refused to act on grounds generally applicable to each class member by placing each class member in indefinite solitary confinement, such that final injunctive and declaratory relief is appropriate with respect to the class as a whole.

For the foregoing reasons, as well as those set forth in the accompanying memorandum, Plaintiffs' motion for class certification should be granted.

**Plaintiffs request a hearing on this Motion**.

Dated: Jacksonville, Florida
May 23, 2018

Respectfully submitted,

*/s/ Linda McDermott*

Linda McDermott (SBN 102857)
**TRIAL COUNSEL**
Martin J. McClain (SBN 754773)
McCLAIN & MCDERMOTT P.A.
141 NE 30th Street
Wilton Manors, FL 33334-1064
Tel. (850) 322-2172
Fax. (954) 564-5412
Lindamcdermott@msn.com

3

*/s/ Claire M. Wheeler*
Seth A. Rosenthal
Claire M. Wheeler
VENABLE LLP
600 Massachusetts Avenue NW
Washington, DC 20001
Tel. (202) 344-4741
Fax. (202) 344-8300
Sarosenthal@venable.com
Cmwheeler@venable.com

Evan T. Shea
Matthew T. Shea
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Tel. (410) 244-7400
Fax. (410) 244-7742
Etshea@venable.com
Mtshea@venable.com

*Attorneys for Plaintiffs Mark Davis, Mark Geralds, Jesse Guardado, Joseph Jordan, Robert Rimmer, Steven Stein, Jason Stephens, and Gary Whitton*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

---

MARK DAVIS, MARK GERALDS, JESSE GUARDADO, JOSEPH JORDAN, ROBERT RIMMER, STEVEN STEIN, JASON STEPHENS, and GARY WHITTON, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

JULIE JONES, KEVIN JORDAN, and BARRY REDDISH, in their official capacities as employees of the Florida Department of Corrections,

Defendants.

Civil Action No.: 3:17-cv-820-J-34PDB

**MEMORANDUM IN SUPPORT OF AMENDED MOTION FOR CLASS CERTIFICATION**

---

## **MEMORANDUM IN SUPPORT OF AMENDED MOTION FOR CLASS CERTIFICATION**

Plaintiffs respectfully submit this memorandum of law in support of their motion for class certification under Fed. R. Civ. P. 23(c)(1) and Local Rule 4.04(b).

### **Introduction**

Mark Davis, Mark Geralds, Jess Guardado, Joseph Jordan, Robert Rimmer, Steven Stein, Jason Stephens, and Gary Whitton sue Julie Jones, Kevin Jordan, and Barry Redish, in their official capacities as employees of the Florida Department of Corrections ("FDOC") on behalf of, and propose to represent, a class comprised as follows:

> all persons in the State of Florida who have been sentenced to death, are in the custody of the FDOC, and are being held at Union Correctional Institution ("UCI") or Florida State Prison ("FSP").

1

Plaintiffs, individuals who FDOC has held in permanent solitary confinement for an unconscionably long period of time (between 4 and 31 years), challenge the State of Florida's policy that automatically places prisoners sentenced to death in permanent solitary confinement, regardless of their behavior while incarcerated. All of the prerequisites for class certification under Rule 23(a)—numerosity, commonality, typicality, and adequacy—are met here. This case also easily satisfies the requirements of Rule 23(b)(2), as Defendants have acted or refused to act on grounds that apply generally to the class, so that final declaratory and injunctive relief is appropriate as to the class as a whole.

**Factual Background**

Plaintiffs are each inmates on Florida's death row. As soon as they were sentenced to death and transported to either UCI or FSP, they were automatically placed in solitary confinement—*i.e.*, "single-cell special housing"—under FDOC regulations. *See* Fla. Admin. R. 33-601.830(a) (defining "[d]eath row" as "[t]he single-cell special housing status of an inmate who, upon conviction or adjudication of guilt of a capital felony, has been sentenced to death"). Under FDOC policy, each Plaintiff will remain in solitary confinement until he receives relief from his death sentence or is executed. *See id.* Mr. Davis, Mr. Geralds, Mr. Stein, Mr. Whitton, Mr. Rimmer, and Mr. Guardado are residents of UCI. Respectively, they have spent over 31 years, 27 years, 26 years, 25 years, 19 years, and 12 years on death row.[1] Mr. Stephens and Mr. Jordan are residents

---

[1] Mark Davis, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=106014&TypeSearch=AI (last visited May 20, 2018) (date in custody: 2/3/1987); Mark Geralds, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=729185&TypeSearch=AI (last visited May 20, 2018) (date in custody: 9/14/1990); Steven Stein, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=122551&TypeSearch=AI (last visited May 20, 2018) (date in custody: 7/23/1991); Gary Whitton, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=936283&TypeSearch=AI (last visited May 20, 2018) (date in custody: 9/10/1992); Robert Rimmer,

of FSP. Mr. Stephens has spent 20 years on death row and Mr. Jordan has spent 4 years on death row.[2]

On July 19, 2017, Plaintiffs filed a two-count complaint to obtain declaratory and injunctive relief on behalf of themselves and a proposed class of all Florida inmates who are sentenced to death, in custody of FDOC, and held at UCI or FSP. ECF No. 1. Plaintiffs' complaint challenges Florida's policy of automatically placing death row inmates in permanent solitary confinement, regardless of their behavior while incarcerated, as violating the Eighth and Fourteenth Amendments. *Id.* ¶¶ 104-12, 113-22. On March 28, 2018, Plaintiffs filed an Amended Complaint that dropped two named plaintiffs for mootness reasons, and added another, but otherwise left the class definition, factual allegations, and legal claims untouched. ECF No. 41 ¶¶101-09, 110-19.

As to their Eighth Amendment claim, Plaintiffs allege that Defendants' policy of indefinite solitary confinement deprives them and the class of basic human needs (*e.g.*, the need for routine social interaction, environmental and sensory stimulation, regular physical exercise, and other essential activity), creates an unreasonable risk of serious harm to their psychological and physical health and safety, and has, in fact, harmed their psychological and physical health and safety. *Id.* ¶¶ 25-59, 80-86. Plaintiffs allege that Defendants have acted, and continue to act, with deliberate indifference to this serious risk of psychological and physical harm, keeping Plaintiffs and the class in permanent solitary confinement, *id.* ¶¶ 42, 61, despite well-known social science

---

http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=649748&TypeSearch=AI (last visited May 20, 2018) (date in custody: 4/9/1999); Jesse Guardado, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=324342&TypeSearch=AI (last visited May 20, 2018) (date in custody: 2/21/2005); *see also* ECF No. 41 ¶¶ 12-14, 16-17, 19.
[2] Joseph Jordan, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=180632&TypeSearch=AI (last visited May 20, 2018) (date in custody: 9/25/2013); Jason Stephens, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=124493&TypeSearch=AI (last visited May 20, 2018) (date in custody: 4/7/1998); *see also* ECF No. 41 ¶¶ 15, 18.

establishing the harms wrought by that practice, *id.* ¶¶ 73, 81, court decisions and the consensus of the international human rights community recognizing such harms, *id.* ¶¶ 74-80, the increasing abandonment of prolonged solitary confinement in prison systems within the United States and around the world based on the recognition of such harms, *id.* ¶ 89, evidence that Plaintiffs and class members themselves have suffered such harms while in Defendants' custody and care, *id.* ¶¶ 90-91, and their own practices governing other forms of restrictive confinement, *id.* ¶¶ 92-93.

As to their Fourteenth Amendment Due Process claim, Plaintiffs allege that the conditions Plaintiffs and the class have endured impose atypical and significant hardships on them as compared to the ordinary incidents of prison life. *Id.* ¶¶ 62-72 (describing conditions in FDOC prisons outside death row). Compared with the ordinary incidents of prison life in FDOC facilities, indefinite solitary confinement on death row is unduly harsh and restrictive. Death row inmates languish alone, with little to no human interaction, in cramped, concrete, windowless cells, often for twenty-four hours a day, for years on end.[3] *See id.* ¶¶ 26-61. Unlike other inmates in FDOC custody, they eat all meals alone in their cells, have no access to educational or self-improvement programming, and are permitted to leave their cells only twice a week for exercise (though even that is often curtailed), three times a week for a few minutes to shower, and once a month for fifteen minutes for a phone call. *Id*. ¶¶ 3, 29-36, 38-40, 46-55, 57-59.

Furthermore, unlike other inmates, death row inmates are not afforded notice and hearing before being placed in solitary confinement, do not receive a meaningful explanation of how they can establish their fitness to live in or return to less restrictive housing conditions, and do not obtain meaningful and timely administrative review to determine whether they should continue to be kept

---

[3] *See* Death Row, Florida Dept. of Corrections, http://www.dc.state.fl.us/oth/deathrow/#Routine (last visited May 21, 2018) ("A Death Row cell is 6 x 9 x 9.5 feet high."); *id.* ("[Inmates] are in their cells at all times except for medical reasons, exercise, social or legal visits or media interviews."); *id.* ("[Inmates] do not have cable television or air-conditioning and they are not allowed to be with each other in a common room.").

4

in solitary confinement. *Id.* ¶¶ 116-17. Additionally, even inmates in disciplinary or administrative or close management in Florida are not housed in those units for anywhere near as long as Plaintiffs and are given an opportunity to challenge their placement at the outset and routinely throughout placement to establish they should rejoin general population and live in less restrictive conditions. *Id.* ¶¶ 67-72 (citing Fla. Admin. R. 33-601.314, 33-601.800(16), 33-602.220(1), 33-602.220(3), 33-602.221(1)(a), 33-602.221(8), 33-602.222(8)); *id.* ¶ 118.

## **Argument**

A plaintiff seeking class certification must satisfy all explicit and implicit requirements of Federal Rule of Civil Procedure 23. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009); *see also Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187-88 (11th Cir. 2003). First, a plaintiff must demonstrate the implicit requirement that the class is "adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir.1970)). Second, a plaintiff must show that the four prerequisites in Rule 23(a), are satisfied: (1) "the class is so numerous that joinder of all members is impracticable"; (2) "there are questions of law or fact common to the class"; (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (4) "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Third, a plaintiff must show that the class qualifies as one of the three types of classes permitted under Rule 23(b). Among these are cases in which "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

In this case, Plaintiffs satisfy all of the requirements.

5

**I.      The Present Class Is Adequately Defined And Clearly Ascertainable.**

A class is adequately defined and clearly ascertainable if (1) the members "can be ascertained by reference to objective criteria" and (2) the analysis of the objective criteria is "administratively feasible," meaning "that identifying class members is a manageable process that does not require much, if any, individual inquiry." *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014) (citations omitted).

The proposed class meets this standard. The members of the class can be determined according to the following purely objective criteria: individuals who (1) have been sentenced to death in Florida, (2) are in the custody of FDOC, and (3) are being held at either UCI or FSP. Further, determining who fits these objective analysis is administratively feasible. FDOC already maintains a publicly available "roster of all inmates on Florida's Death Row."[4] All of the male inmates on the list are housed at UCI or FSP.[5] The "roster" has the name and FDOC number of each member of the proposed class.

**II.     The Present Class Action Satisfies The Rule 23(a) Prerequisites.**

**A. The Class Is So Numerous That Joinder Of All Members Is Impracticable.**

The numerosity requirement, which is a "generally low hurdle," is easily met here. *See Vega*, 564 F.3d at 1267. Although Plaintiffs "need not show the precise number of members in the class," *id.* (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir.1983)), the number is available through publicly available FDOC records. There are currently 347 members of the proposed class. *See supra* Part I. This far exceeds the general rule in the Eleventh Circuit

---

[4]     Corrections Offender Network, Florida Dept. of Corrections, http://www.dc.state.fl.us/OffenderSearch/deathrowroster.aspx (last visited May 20, 2018).
[5] Death Row, Florida Dept. of Corrections, http://www.dc.state.fl.us/oth/deathrow/index.html (last visited May 21, 2018).

6

that a class of over 40 members is adequate. *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986).

### B. There Are Questions Of Law And Fact That Are Common To The Class.

Establishing commonality is likewise a "relatively light burden." *Vega*, 564 F.3d at 1268. It does not require that all questions of law and fact in the action be common or that common questions of law or fact predominate over individual questions. *Id.* Rather, commonality requires that there be a single common question that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Carriuolo v. General Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)); *see also Bussey*, 562 F. App'x at 788 ("Commonality requires 'that there be at least one issue whose resolution will affect all or a significant number of the putative class members.'" (quoting *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982))). An alleged policy or practice of treating an entire class unlawfully easily satisfies the commonality requirement. *Cox*, 784 F.2d at 1557-58; *Herman v. Seaworld Parks & Entm't*, 320 F.R.D. 271, 290 (M.D. Fla. 2017).

While a single common question is sufficient, Plaintiffs' complaint raises many common questions of law and fact capable of classwide resolution. As to common questions of fact, each and every Plaintiff and class member is subject to the same, uniformly-applied FDOC regulation that requires death row prisoners to be permanently housed in solitary confinement. *See, e.g.*, *Braggs v. Dunn*, 317 F.R.D. 634, 661-62 (M.D. Ala. 2016) (holding that a system-wide policy that is common to the class meets the commonality requirement of Rule 23(a)). Moreover, the conditions of confinement are common among class members: Plaintiffs and the class have similarly sized cells, similar living arrangements, and similar rules regarding personal hygiene and

7

exercise, and they spend virtually all day confined to their cells with little to no meaningful human interaction, unlike inmates in general population. ECF No. 41 ¶¶ 26-61.

There are also common questions of law. Whether Florida's policy of indefinite solitary confinement violates the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment are sufficient common questions to meet the commonality requirement. *See, e.g.*, *Braggs*, 317 F.R.D. at 640-41 (holding that a class of prisoners met the commonality requirement of Rule 23(a) when they alleged a violation of their Eighth Amendment rights); *Ashker v. Governor of California*, No. C 09-5796 CW, 2014 WL 2465191, at *1 (N.D. Cal. June 2, 2014) (holding that a class of prisoners could be certified for a due process claim because there was a system-wide policy that affected all of the class members).

To establish an Eighth Amendment violation, Plaintiffs need to satisfy a two-prong test. "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). "Second, the prisoner must show that the defendant prison officials 'acted with a sufficiently culpable state of mind' with regard to the condition at issue." *Id*. (quoting *Hudson*, 503 U.S. at 8). Here, Plaintiffs and class members will have to show that (1) the effects of indefinite solitary confinement create a substantial risk of serious harm, and (2) by placing Plaintiffs and class members in solitary confinement indefinitely, Defendants acted, and continue to act, with deliberate indifference to that substantial risk. These questions of law are thus common to every class member. *See Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014) (holding that commonality was met where plaintiffs shared "alleged exposure, as a result of specified statewide ADC policies and practices that govern the overall conditions of health care services and confinement, to a substantial risk of serious future

harm to which the defendants are allegedly deliberately indifferent"); *Dockery v. Fischer*, No. 3:13-cv-326-WHB-JCG, 2015 WL 5737608, at *17 (S.D. Miss. Sep. 29, 2015) (finding commonality requirement satisfied because all of the plaintiffs' claims had common issues regarding the physical conditions of their confinement and whether those conditions actually "subjected prisoners to an unconstitutionally unreasonable risk of harm").

To establish a Due Process claim, Plaintiffs must show that the conditions they endure "impose[] atypical and significant hardship[s] on [them] in relation to the ordinary incidents of prison life." *Turner v. Warden, GDCP*, 650 F. App'x 695, 700 (11th Cir. 2016) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiffs and class members will have to satisfy this requirement to obtain declaratory and injunctive relief, thereby making the requirement a common question of law. *See Ashker*, 2014 WL 2465191, at *4 ("Because some inmates remain subject to these procedures—which represent the core of the 'system-wide practice' that Plaintiffs seek to challenge here—Plaintiffs have satisfied Rule 23(a)'s commonality requirement with respect to their proposed Due Process Class."). In this case, the system-wide policy that affects all class members is the standardized practice of permanently placing each death row inmate into solitary confinement. The conditions of Plaintiffs and the class are the same, and they differ considerably than the conditions of other inmates in FDOC custody—that is, all day, nearly every day, for years on end, Plaintiffs and class members languish alone in cramped, concrete, windowless cells with little to no human interaction; eat all meals alone in their cells; have no access to educational, vocational or recreational programming; are permitted to leave their cells only twice a week for exercise (though even that is often curtailed), three times a week for a few minutes to shower, and once a month for a fifteen minute phone call; and receive none of the procedural protections that other inmates receive before being placed in similarly restrictive conditions. The question of

9

whether these conditions are atypical and significant compared to the ordinary incidents of prison life—and whether, accordingly, the FDOC's policy of automatic solitary confinement is unconstitutional—is a question common to Plaintiffs and the class.

### C. The Named Plaintiffs' Claims Are Typical Of The Claims Of The Class Members.

To satisfy the typicality requirement, the class representatives must have "'the same interest and suffer the same injury as the class members.'" *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008). The inquiry "'measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large.'" *Id.* The typicality requirement does not require that the class representatives' claims be identical to those of the proposed class. *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000). "'[A] strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences.'" *Id.*; *see also Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216-17 (11th Cir. 2012) ("[A sufficient] nexus exists 'if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984))).

Here, Plaintiffs' claims and interests are identical to those of the proposed class members; they have even more than the necessary "strong similarity" to the claims and interests of the class members. Plaintiffs' and class members' claims arise from the same, system-wide, uniformly-applied practice of placing death row inmates in indefinite solitary confinement. Plaintiffs' challenge is also based on the same legal theory as the claims of the class members: violations of the Eighth Amendment and the Fourteenth Amendment's Due Process Clause. Because Plaintiffs' and class members' causes of action "arise[] from [the same practice] and there is no variation in

10

legal theory," the typicality requirement is satisfied. *Kornberg*, 741 F.2d at 1337; *see also Austin v. Hopper*, 15 F. Supp. 2d 1210, 1229 (M.D. Ala. 1998) (finding typicality and commonality where plaintiffs and class members bring "the same constitutional challenge to the same set of policies and procedures implemented by the [Department of Corrections]").

Though Plaintiffs and class members have spent different lengths of time in isolation, those differences do not defeat typicality. *See, e.g.*, *Prado-Steiman*, 221 F.3d at 1279 n.14; *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985) (abrogated on other grounds). Where a defendant has adopted a uniform policy, any factual differences in the harms that policy inflicts on putative class members will not defeat typicality. *See Appleyard*, 754 F.2d at 958-59 (finding that factual differences in plaintiffs' medical conditions did not threaten typicality because the challenged policy, not the factual differences, was the state's sole basis for denying Medicaid benefits); *Neal v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994) ("Where an action challenges a policy or practice, the named Plaintiffs suffering one specific injury from the practice can represent a class suffering other injuries, so long as all the injuries are shown to result from the practice."). Here, Plaintiffs and class members challenge a single regulatory policy: the placement of anyone sentenced to death in permanent solitary confinement. Differences in the amount of time that individual Plaintiffs and class members have spent in isolation are the result of, not the basis for, Defendants' challenged policy. Accordingly, these differences do not defeat typicality. *See Appleyard*, 754 F.2d at 958-59; *Neal*, 43 F.3d at 58.

**D. The Named Plaintiffs Will Fairly And Adequately Protect The Interests Of The Class.**

The "'adequacy of representation' analysis 'encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action.'" *Valley Drug*, 350 F.3d

at 1189 (quoting *In re HealthSouth Corp. Sec. Litig.*, 213 F.R.D. 447, 460-61 (N.D. Ala. 2003)). Only "fundamental" conflicts, or those "where some party members claim to have been harmed by the same conduct that benefitted other members of the class," will defeat class certification. *Id.*; *see also Grimes v. Fairfield Resorts, Inc.*, 331 F. App'x 630, 633 (11th Cir. 2007) ("[T]he focus of the inquiry is on whether some party members claim to have been *harmed* by the same conduct that *benefitted* other members of the class, and thus whether class members' interests are actually or potentially in conflict with the interests and objectives of other class members.").

There are no substantial conflicts of interest between the named Plaintiffs and the class. Plaintiffs and class members are all subject to the same harsh conditions of indefinite solitary confinement. Because there are no class members that benefit from these harsh conditions, there is no "fundamental" conflict. Furthermore, Plaintiffs do not seek relief that is likely to give rise to conflicts, such as monetary damages. *See In re Healthsouth Corp. Sec. Litig.*, 213 F.R.D. at 462 (finding that representation is inadequate where money damages compensate class members in different ways). Instead, Plaintiffs seek an injunction to alter a policy that presents a uniform, serious risk of harm to all class members. Plaintiffs' effort will not yield antagonistic results that benefit some class members while adversely affecting others.

Moreover, the named Plaintiffs, with the aid of their counsel, will adequately prosecute this action. Plaintiffs have retained competent counsel (Venable LLP) experienced in class action litigation, as well as competent local counsel with considerable knowledge of the conditions on death row and the law governing Plaintiffs' claims. Counsel possess the resources and experience to properly litigate this case, and they intend to prosecute this action vigorously.

### III. Plaintiffs Satisfy The Rule 23(b)(2) Requirement That Defendants Have Acted Or Refused To Act On Grounds That Apply Generally To The Class.

Under Rule 23(b)(2), the Court may certify the class if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(2) is "almost automatically satisfied in actions primarily seeking injunctive relief." *Braggs*, 317 F.R.D. at 667 (internal citations and quotations omitted). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted." *Dukes*, 564 U.S. at 360 (citation and internal quotation marks omitted). Rule 23(b)(2) "focuses on the nature of [D]efendants' acts and omissions and the suitability of class-wide relief, and does not require that the class-wide relief benefit each class member in precisely the same way." *Braggs*, 317 F.R.D. at 668. For this reason, Rule 23(b)(2) "has been liberally applied in the area of civil rights, including suits challenging conditions and practices at various detention facilities." *Id.* (internal citations and quotations omitted).

This case falls squarely within Rule 23(b)(2). It is a civil rights action seeking declaratory and injunctive relief, not monetary damages or individualized remedies. ECF No. 41 at 29-30. Defendants have acted in a manner that applies to Plaintiffs and all prospective class members by adopting and enforcing a uniform, system-wide policy that automatically confines all prisoners sentenced to death in permanent isolative conditions. Should the Court grant the declaratory and injunctive relief that Plaintiffs seek, that relief will be equally applicable to Plaintiffs and prospective class members alike.

## Conclusion

For the reasons explained above, Plaintiffs' motion for class certification should be granted.

Dated: May 23, 2018

Respectfully submitted,

*/s/ Linda McDermott*
Linda McDermott (SBN 102857)
**TRIAL COUNSEL**
Martin J. McClain (SBN 754773)
McCLAIN & MCDERMOTT P.A.
141 NE 30th Street
Wilton Manors, FL 33334-1064
Tel. (850) 322-2172
Fax. (954) 564-5412
Lindamcdermott@msn.com


*/s/ Claire M. Wheeler*
Seth A. Rosenthal
Claire M. Wheeler
VENABLE LLP
600 Massachusetts Avenue NW
Washington, DC 20001
Tel. (202) 344-4741
Fax. (202) 344-8300
Sarosenthal@venable.com
Cmwheeler@venable.com

Evan T. Shea
Matthew T. Shea
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Tel. (410) 244-7400
Fax. (410) 244-7742
Etshea@venable.com
Mtshea@venable.com

*Attorneys for Plaintiffs Mark Davis, Mark Geralds, Jesse Guardado, Joseph Jordan, Robert Rimmer, Steven Stein, Jason Stephens, and Gary Whitton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2018, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that a true and correct copy of the foregoing was served on all counsel or parties of record by CM/ECF.

                           /s/ *Claire M. Wheeler*
                           Claire M. Wheeler (*pro hac vice*)