UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

---------------------------------------------------X
MARK DAVIS, *et. al.*,                             :
                                                   :
        Plaintiffs,                    :
                                                   :
        v.                             :   Civil Action No.: 3:17-cv-820-J-34PDB
                                                   :
MARK INCH, *et al.*,                               :
                                                   :
        Defendants.                    :
---------------------------------------------------X

**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs Mark Davis, Mark Geralds, Jesse Guardado, Joseph Jordan, Robert Rimmer, Steven Stein, Jason Stephens, and Gary Whitton, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), jointly with Defendants Mark S. Inch, Travis Lamb, and Donald Davis ("Defendants" and together with Plaintiffs, the "Parties") hereby move the Court for entry of an order certifying the proposed settlement class, preliminarily approving the Settlement Agreement attached hereto as Exhibit 1 (the "Agreement"), approving the Notice of Proposed Settlement attached hereto as Exhibit 2 (the "Notice"), and scheduling a fairness hearing to consider objections and make necessary findings pursuant to Federal Rule of Civil Procedure 23(e)(2).

**BACKGROUND**

Plaintiffs are inmates housed in the death row unit in a Florida prison. Plaintiffs have alleged, among other things, that the Florida Department of Corrections maintains a policy that automatically places Florida prisoners sentenced to death in permanent solitary confinement, regardless of their behavior while incarcerated. Plaintiffs allege that these conditions deprive them

1

of the basic human contact required to maintain their mental and physical health, and that such conditions create a serious risk of harm to the health and safety of Plaintiffs and in fact have caused such harm. Defendants deny these allegations.

On June 12, 2019, the Court entered an Order appointing the Honorable Harvey E. Schlesinger, Senior United States District Judge, as mediator in settlement discussions among the Parties. Since that time, with the assistance of Judge Schlesinger, the Parties have engaged in good faith negotiations to resolve this case. As a result of these negotiations, the Parties have agreed to a resolution of all claims brought in this action, as set forth in the attached Agreement.

## DISCUSSION

### I. CERTIFICATION OF SETTLEMENT CLASS

The Parties jointly request that the Court certify a settlement class under Federal Rule of Civil Procedure 23, with the class defined as follows:

> All persons in the State of Florida who have been sentenced to death and are in the custody of the Florida Department of Corrections ("FDC").

This proposed class satisfies the requirements of Rule 23(a) and (b), and it should be certified for the purpose of settlement under Rule 23(e).

#### A. Plaintiffs Satisfy the Requirements of Rule 23(a).

Federal Rule of Civil Procedure 23(a) permits a case to be maintained as a class action if:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

The settlement class here meets the requirements of Rule 23(a). The numerosity requirement is met because FDC currently houses over 300 inmates on Death Row and will in the future house

2

additional class members who are transferred to the Death Row. Joinder is therefore impracticable. (*See* ECF No. 48, Memo at 6-7.)

The commonality requirement is met because this case presents multiple dispositive questions of fact and law common to the class, including whether FDC's restrictive confinement policy (which is applicable to all class members) violates the Eighth Amendment and/or the Due Process Clause of the Fourteenth Amendment. (*See* ECF No. 48, Memo at 7-10.)

The typicality requirement is met because the legal claims of the class representatives are identical to those of other class members: they are or were confined under the same policies and practices regarding classification review and conditions of confinement. (*See* ECF No. 48, Memo at 10-11.)

Finally, the adequacy requirement is met because the class representatives have a strong interest in avoiding the allegedly harmful conditions of confinement on Death Row; there are no substantial conflicts of interest between the members of the proposed class as Plaintiffs seek uniform injunctive relief that will benefit all members without any competing adverse effects; and Plaintiffs are presently represented by Venable LLP, who are experienced in class action litigation, as well as competent local counsel with considerable knowledge of the conditions on death row and the law governing Plaintiffs' claims. (*See* ECF No. 48, Memo at 11-12.)

### B. Plaintiffs Satisfy the Requirements of Rule 23(b)(2).

Under Rule 23(b)(2), the Court may certify the class if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate to the class as a whole." This case falls squarely within Rule 23(b)(2) as it is a civil rights action seeking declaratory and injunctive relief, not monetary damages or individualized remedies. (*See* ECF No. 48, Memo at 12-13.) Here, all class

members are subject to the same policies and practices regarding confinement on Death Row. (*Id.*) Because these policies and practices apply generally to all class members, all class members will benefit from the relief afforded them by the settlement of this case.

### C. The Court Should Appoint Plaintiffs' Counsel as Class Counsel.

The Parties request that undersigned counsel for Plaintiffs be appointed class counsel pursuant to Federal Rule of Civil Procedure 23(g), given:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). As indicated in Plaintiffs' brief in support of their amended motion for class certification (ECF No. 48, Memo at 12), appointment of Plaintiffs' counsel as class counsel is appropriate.

## II. PRELIMINARY COURT APPROVAL

Federal Rule of Civil Procedure 23(e) requires judicial approval for settlement of a class action. Though the Court need not make a final determination until after a fairness hearing, "the Court must make a preliminary finding that the proposed settlement is sufficiently fair, reasonable, and adequate on its face to warrant presentation to the Class Members." *Underwood v. Manfre*, No. 3:13-CV-192-J-34PDB, 2014 WL 67644, at *6 (M.D. Fla. Jan. 8, 2014) (Howard, J.). Approval of the Agreement is appropriate if the Court finds "that it 'is fair, adequate and reasonable and is not the product of collusion between the parties.'" *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (quoting *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977)). "Determining the fairness of the settlement is left to the sound discretion of the trial court" and there is a "strong judicial policy favoring settlement." *Id.*

4

In furtherance of this public interest, in considering a proposed settlement, the trial court need not reach any ultimate conclusion on the substantive factual or legal issues of plaintiffs' claims. *See Pettway v. American Cast Iron Pipe Co.,* 576 F.2d 1157, 1214 (5th Cir. 1978) ("[I]n considering the settlement, the court is entitled to rely upon the judgment of experienced counsel for the parties."). "We recognize that since the very purpose of a compromise is to avoid the trial of sharply disputed issues and to dispense with wasteful litigation, the court must not turn the settlement hearing into a trial or a rehearsal of the trial; and that the court is concerned with the likelihood of success or failure and ought, therefore, to avoid any actual determination of the merits." *Saylor v. Lindsley,* 456 F.2d 896, 904 (2d Cir. 1972) (citations omitted). Instead, the court's primary concern should be whether the proposed settlement is fair, reasonable and adequate. *See Cotton,* 559 F.2d at 1331.

It is well established that there is an overriding public interest in settling and quieting litigation, particularly in the context of a class action. *See id.; see also Newberg on Class Actions* § 11:41, at 87 (4th ed. 2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy."); *In re U.S. Oil and Gas Litigation,* 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits."). "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *In re NASDAQ Market-Makers Antitrust Litig.,* 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (citing *Manual for Complex Litigation, Third,* § 30.41 (West 1995)); *see also Smith v. Wm. Wrigley Jr. Co.,* 2010 WL 2401149, *2 (S.D. Fla. 2010).

The proposed Agreement is fair, reasonable, and adequate. Experienced counsel for the Parties negotiated extensively and at arm's-length for more than eighteen months to reach a compromise that balances the constitutional rights of the Plaintiffs and security and logistical concerns of the Defendants. Under the Agreement, Plaintiffs will gain, among other things, guaranteed increased time out of their cells on a daily basis. Furthermore, the settlement does not mandate preferential treatment to class representatives or segments of the class. *See Wm. Wrigley Jr. Co.,* 2010 WL 2401149, at *2. If approved, the Agreement would resolve all claims brought in this action, and the Parties would forego the risks of continuing litigation. Further, there was no collusion between the Parties and negotiations were moderated by Judge Schlesinger. *See Poertner v. Gillette Co.*, 618 F. App'x 624, 630 (11th Cir. 2015) (approving class action settlement and noting that "the parties settled only after engaging in extensive arms-length negotiations moderated by an experienced, court-appointed mediator").

Because the Agreement lacks any clear deficiencies or reason to doubt its fairness, the Court should preliminarily approve the Agreement and direct that notice and opportunity to object be given to the members of the class. *See Underwood*, 2014 WL 67644, at *6 (quoting William B. Rubenstein, Newberg on Class Actions § 11:25 (4th ed.)) ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies ... the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.").

### III.  NOTICE

"Once the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule

23(e) fairness hearing is given to the class members." *Manual for Complex Litigation, Fourth*, § 21.633; *see also* Fed. R. Civ. P. 23(e)(1). "The standard for the adequacy of a settlement notice in a class action is measured by reasonableness." *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011). Rule 23 "require[s] that class members be given 'information reasonably necessary to make a decision [whether] to remain a class member and be bound by the final judgment or opt out of the action,' though the notice need not include 'every material fact' or be 'overly detailed.'" *Id.* (quoting *In re Nissan Motor Corp. Antitrust Litigation,* 552 F.2d 1088, 1104–1105 (5th Cir.1977)).

The proposed Notice is reasonable. The Notice provides the background of this litigation and a summary of the proposed Agreement, and clearly describes the two options available to class members. The Notice provides instructions on how to object or comment on the proposed Agreement, and how to write to class counsel for further information. Once the form of the Notice is approved and a fairness hearing is scheduled, the Notice will provide the date and time of the fairness hearing. Because the Notice clearly and adequately informs class members of all reasonably necessary information, the Court should approve the Notice and direct the Parties to distribute it to members of the class.

## IV.     FAIRNESS HEARING

Pursuant to Rule 23(e)(2), the Parties respectfully request that the Court schedule a fairness hearing in order to hear any objections and finally determine whether the Agreement is fair, reasonable, and adequate.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Parties jointly request that the Court enter an Order:

(1) granting class certification for settlement purposes under Rule 23;

(2) granting preliminary approval of the proposed settlement as set forth in the Agreement;

(3) directing that class members be given notice of the proposed settlement, opportunity to object, and the fairness hearing in the form of the proposed Notice; and

(4) scheduling a fairness hearing to consider final approval of the Agreement.

Respectfully submitted,

Date: May 18, 2021

ASHLEY MOODY
ATTORNEY GENERAL

_/s/ Linda McDermott_____
Linda McDermott (SBN 102857)
20301 Grande Oak Blvd. Suite 118-61
Estero, FL 33928
Tel. (850) 322-2172
Fax. (239) 221-8479
lindamcdermott@msn.com

Evan Shea
Seth Rosenthal
Matthew Shea
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Tel. (410) 244-7400
Fax. (410) 244-7742
etshea@venable.com
sarosenthal@venable.com
mtshea@venable.com

*Attorneys for Plaintiffs*

/s/*Joe Belitzky* (signed with permission)
Joe Belitzky (SBN 0217301)
Trial Counsel
OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399-2500
Tel. (850) 414-3663
Fax. (850) 488-4872
Joe.Beltizky@myfloridalegal.com

Daniel Johnson (SBN 0091175)
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399-2500
Tel. (850) 414-3300
Fax: (850) 488-4872
Daniel.Johnson@myfloridalegal.com

David Welch (SBN 57911)
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399-2500
Tel. (850) 414-3300

Fax: (850) 488-4872
David.Welch@myfloridalegal.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 18, 2021, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that a true and correct copy of the foregoing was served on all counsel or parties of record by CM/ECF.

/s/ *Evan T. Shea*
Evan T. Shea (*pro hac vice*)