# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MARK DAVIS, et al., on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

Case No. 3:17-cv-820-MMH-PDB

RICKY D. DIXON, in his official capacity as an employee of the Florida Department of Corrections, et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Class Counsel's July 12, 2022 Letter (Doc. 166; Letter) requesting "the Court's assistance with Defendants' ongoing failure to fully implement the parties' settlement agreement." See Letter at 1; see also Settlement Agreement (Doc. 148-1). Specifically, Class Counsel asserts that the Florida Department of Corrections (FDC) currently provides "only 2 hours of indoor out-of-cell time ('Dayroom Time') every 6 days to Death Row inmates, instead of the required 15 hours of Dayroom Time every 7 days." Id. Class Counsel ask the Court to impose a deadline for Defendants to reach full compliance, and further request that the Court extend its

-1-

retention of jurisdiction over the Settlement Agreement. Id. at 1 n.1. As directed by the Court, see Endorsed Order (Doc. 167), Defendants filed a response to the Letter on August 5, 2022. See Defendants' Response to Plaintiff's July 12, 2022 Letter (Doc. 171; Response).

In the Response, Defendants concede that the FDC is not in compliance with the Settlement Agreement and assert that this failure is the result of severe staffing shortages at Union Correctional Institution (UCI) where the male Death Row is located. See Response, Ex. A: Declaration of Carl Wesley Kirkland, Jr. (Kirkland Decl.) ¶¶ 4, 15. Defendants state that as vacancies are filled, the FDC will gradually be able to come into compliance with the Settlement Agreement. See Kirkland Decl. ¶¶ 10-13. Upon review, the Court finds the Response to be wholly inadequate to address the FDC's egregious and ongoing failure to comply with the Settlement Agreement.[1] Indeed, the Response does not include pertinent details such as: what recruitment efforts are being made, the number of applications the FDC has received and number of persons hired in the last six months, the priority being given to the vacancies on Death Row, the FDC's projections based on current hiring rates for when the 33 positions might be filled, and whether the FDC has considered any

---

[1] Glaringly, the Response also fails to set forth Defendants' position with respect to Class Counsel's request for a new compliance deadline and the extension of the Court's retained jurisdiction.

-2-

alternative measures to alleviate the solitary confinement of the inmates in the interim until full compliance with the Settlement Agreement can be accomplished. In light of the foregoing, the Court finds that a hearing on these matters is necessary.

In addition, the Court notes that it has received extensive correspondence from the inmates on Death Row regarding the FDC's failure to comply with the terms of the Settlement Agreement. See, e.g., Docs. 150-161, 163-64, 165, 168, 173, 174. Recently, Class Representative Joseph Jordan filed a notice in response to the Kirkland Declaration. See Jordan Notice (Doc. 173), filed August 19, 2022. The Court also received a letter from Class Member Ronald Wayne Clark Jr. (the Clark Letter) responding to the statements in the Kirkland Declaration. The Court attaches the Clark Letter to this Order and Defendants must be prepared to address the points raised in the Jordan Notice and Clark Letter at the hearing. In addition, Clark filed a Motion of Addendum and to Compel (Doc. 168) on July 18, 2022, and a Motion of Addendum and to Issue Sanctions on Defendants (Doc. 174), on August 22, 2022, raising other allegations of noncompliance with the Settlement Agreement. Although these Motions are due to be denied as they are procedurally improper under the terms of the Settlement Agreement, see Order (Doc. 159), the Court nevertheless takes note of the issues raised and Defendants must be prepared to address those matters at the hearing as well. Accordingly, it is

**ORDERED:**

1. This matter is set for a **STATUS CONFERENCE** to take place on **Thursday, September 22, 2022, at 10:00 a.m.** before the Honorable Marcia Morales Howard, United States District Judge.

2. The hearing will be held by video teleconferencing using Zoom. The Courtroom Deputy Clerk will separately send participants an Outlook invitation with the link, meeting ID, and password. Information on how others can observe the proceeding can be found on the Court's website, https://www.flmd.uscourts.gov/coronavirus-and-email-filing-information.

3. Participants should dress in appropriate court attire and appear in front of an appropriate professional background. All persons are hereby reminded that pursuant to Local Rule 5.01, United States District Court, Middle District of Florida, "[n]o one may broadcast, televise, record, or photograph a judicial proceeding, including a proceeding by telephone or video." Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

4. The Motion of Addendum and to Compel (Doc. 168) and the Motion of Addendum and to Issue Sanctions on Defendants (Doc. 174) are **DENIED without prejudice** to the filing of a proper motion by Class Counsel, if warranted, in accordance with the terms of the Settlement Agreement.

**DONE AND ORDERED** in Jacksonville, Florida, on August 24, 2022.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record