# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MARK DAVIS, et al., on behalf of
themselves and all others similarly
situated,

      Plaintiffs,

v.                                      Case No. 3:17-cv-820-MMH-PDB

RICKY D. DIXON, in his official
capacity as an employee of the
Florida Department of Corrections,
et al.,

      Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On July 12, 2022, Class Counsel filed a letter requesting "the Court's assistance with Defendants' ongoing failure to fully implement the parties' settlement agreement." See Letter (Doc. 166) at 1; see also Settlement Agreement (Doc. 148-1). As directed by the Court, see Endorsed Order (Doc. 167), Defendants filed a response to the Letter on August 5, 2022. See Defendants' Response to Plaintiff's July 12, 2022 Letter (Doc. 171; Response). Upon review of the Response, the Court set this matter for a status conference to address "the FDC's egregious and ongoing failure to comply with the Settlement Agreement." See Order (Doc. 175),

-1-

entered August 24, 2022.[1]  The Court conducted the hearing on September 22, 2022, at which Defendants and Class Counsel appeared via Zoom.  See Minute Entry (Doc. 183), entered September 22, 2022.  In light of the discussions at the hearing, and for the reasons stated on the record, it is

**ORDERED:**

1. The Court's retention of jurisdiction over this action, as previously set forth in the Final Approval Order (Doc. 149), is **EXTENDED** until **six months** after the National Guard has completed its service at Union Correctional Institution (UCI).  When the National Guard has completed its service at UCI, Defendants shall promptly **file a notice** informing the Court of the date upon which their service ended.

2. On or before **September 29, 2022**, Defendants shall file a notice advising the Court what additional measures have been put in place to allow Class Members additional dayroom time prior to the arrival of the Florida National Guard.

3. Defendants shall file **monthly reports** with the Court that address the following: 1) the amount of dayroom time being provided to Class Members, 2) the staffing levels at UCI, 3) the number of Death Row

---

[1] The Court notes that it has also received and reviewed numerous filings and other communications from Class Members, as well as other individuals writing on behalf of Class Members, regarding Defendants' failure to fully comply with the Settlement Agreement.  The allegations raised in these communications were addressed at the hearing as well.

inmates who have requested and who have received work assignments, and 4) the status of Defendants' efforts to complete a written implementation plan. The first such report is due on **October 17, 2022,** with subsequent reports due on the **15th** of every month thereafter until further order of the Court.

4. As promptly as possible, Lance Neff, in his capacity as General Counsel for the Department of Corrections, **shall** speak directly to the warden and assistant warden at UCI and **ensure** that they have a **full understanding** of the requirements of the Settlement Agreement. Additionally, Neff should emphasize the need to ensure that the correctional officers at UCI fully understand the prohibition against retaliation. As set forth in the Settlement Agreement, retaliation against any Death Row inmate or other person for participating in this action, or providing information or assistance related to the Settlement Agreement, is **strictly prohibited**.

**DONE AND ORDERED** in Jacksonville, Florida, on September 22, 2022.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11

Copies to:

Counsel of Record