**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARK DAVIS, et al., on behalf of
themselves and all others similarly
situated,

      Plaintiffs,

v.                                                     Case No. 3:17-cv-820-MMH-PDB

RICKY D. DIXON, in his official
capacity as an employee of the
Florida Department of Corrections,
et al.,

      Defendants.

## O R D E R

**THIS CAUSE** is before the Court on the Motion for Instruction (Doc. 223; Motion), filed by Plaintiff Joseph Jordan on April 1, 2024. In the Motion, Jordan requests an "instruction to the Defendants in the above styled cause." See Motion at 1. The Motion relates to a notice Jordan filed on January 22, 2024, in which he purports to terminate Class Counsel's representation of him in his capacity as a Class Representative. See Notice to the Court, and Request for Acknowledgement From the Court (Doc. 218; January Notice) ("I am choosing to proceed 'Pro Se' as a CLASS REPRESENTATIVE.") Class Counsel

-1-

filed a response to the January Notice on February 2, 2024. See Response to Plaintiff Joseph Jordan's Request to Terminate Counsel's Individual Representation (ECF 218) (Doc. 219; Response). In the Response, Class Counsel state that they do not oppose Jordan's request to proceed pro se as an individual but maintain that he cannot proceed as a pro se class representative. See Response at 1-2.[1] On March 20, 2024, Jordan filed a reply to this Response. See Plaintiff/Class Representative Pro Se Response to Notice of Termination of Class Counsel as Class Representative/Notice to Proceed Pro Se as Class Representative (Doc. 222; Reply). The instant Motion relates to these filings.

Upon review of the Motion and related filings, it is unclear what specific relief Jordan seeks from the Court at this time. Nonetheless, as best the Court can discern, it appears Jordan wishes to proceed pro se in his role as a Class Representative so that he can advocate on behalf of the Class in alternative dispute resolution proceedings under the Settlement Agreement. See Motion at 1, 7, Ex. A. However, as correctly explained by Class Counsel, Jordan cannot serve as a Class Representative in a pro se capacity. See Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014); see also Johnson v. Ala. Bd. of Pardons

---

[1] To the extent Class Counsel embedded within the Response a request to withdraw as Jordan's individual counsel, the Court notes that a request for affirmative relief, such as a request to withdraw as counsel, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b). If Class Counsel continues to seek such relief, they must file a proper motion. See Local Rule 2.02(c)(1)(B).

& Paroles Members, No. 2:22-CV-317-RAH, 2022 WL 2348693, at *1 (M.D. Ala. June 7, 2022) (collecting cases) adopted by 2022 WL 2346898, at *1 (M.D. Ala. June 29, 2022). Accordingly, to the extent Jordan seeks this relief or asks the Court to instruct Defendants to treat Jordan as acting in this capacity, this request is due to be denied.

In addition, the Court notes that Jordan has submitted a letter to the Court dated April 30, 2024 (Doc. 225), in which he asserts, based on his interpretation of the Settlement Agreement, that certain of Defendants' practices are in breach of the Agreement. Similarly, on May 15, 2024, Plaintiff Jason Stephens filed a document (Doc. 227) identifying purported violations of the Settlement Agreement. To the extent Jordan and Stephens request affirmative relief from the Court via these filings, the requests are due to be denied without prejudice. Rather, the Court finds it appropriate to refer these matters to Class Counsel for appropriate attention in accordance with the Settlement Agreement. In light of the foregoing, it is

**ORDERED:**

1. The Motion for Instruction (Doc. 223) is **DENIED**.

2. To the extent Jordan and Stephens seek affirmative relief from the Court via the filings at Document 225 and Document 227, their requests are **DENIED without prejudice.** These filings are referred to Class Counsel for appropriate review under the terms of the Settlement Agreement.

**DONE AND ORDERED** in Jacksonville, Florida, on September 13, 2024.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Joseph Jordan
Jason Stephens